

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | James B. Zagel |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5348 | **DATE** | 8/30/2000 |
| **CASE TITLE** | KEITH SIERACKI vs. U.S.O.C., ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Plaintiff'S petition to confirm the 8/24/2000 award of Arbitrator Campbell is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | AUG 31 2000 | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 8 |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | | |
| DW | courtroom deputy's initials | 00 AUG 31 PM 4: 02 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEITH SIERACKI,

    Plaintiff,

v.

UNITED STATES OF AMERICA
WRESTLING ASSOCIATION, INC., and
UNITED STATES OLYMPIC COMMITTEE,

    Defendants.

No. 00 C 5348
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

I have before me (by virtue of transfer from the District of Colorado) an emergency petition to confirm an arbitration award. *See Sutter Corporation v. P & P Industries*, 125 F.3d 914 (5th Cir. 1997) (discussing reasons for transfer). There is nothing wrong with the arbitration award and given the limited scope of judicial review of such awards, I would confirm it as a matter of course. But I think this case falls within the "extremely limited" ambit of *res judicata* in arbitration award proceedings. *See Consolidation Coal Company v. United Mine Workers*, 213 F.3d 404 (7th Cir. 2000).

At the Olympic Trials for Greco-Roman wrestling, Sieracki beat Lindland. Lindland thought he was fouled and (for policy reasons that seem dubious to me) the loser has the right not only to protest the decision, but also to take the matter to arbitration which Lindland did.

1

On August 9, Arbitrator Burns agreed with Lindland and ordered USA Wrestling (the national governing board for the sport) to hold a rewrestle – the winner of which was to be the governing board's nominee to the U.S. Olympic Team in the 76kg weight classification.

On August 11, Sieracki (who was not brought in as a party by USA Wrestling which opposed Lindland in the Burns arbitration) sought arbitration of the re-wrestling order.

On August 14, there was a rewrestle and Lindland won.

On August 17, Arbitrator Campbell (in the second arbitration) decided that he was not bound by Burns's ruling because Sieracki was not a party to it.

On August 24, the Court of Appeals for the Seventh Circuit essentially confirmed Burns's order and also directed, in effect, that Lindland's name be forwarded to the United States Olympic Committee as the sole nominee of the national governing board for the 76kg weight classification in Greco-Roman wrestling.

On that same August 24, Arbitrator Campbell decided that the original match decision was valid and Sieracki should go to the Olympics.

On August 25, the Court of Appeals, now aware of Campbell's ruling, reiterated with some vigor its decision that Burns's order is to be followed since it has the force of judicial confirmation behind it.

On August 25, Sieracki sought confirmation of Campbell's award in District Court of Colorado. No ruling was made and no hearing was requested until August 29.

On August 28, I issued an order effectuating the provisions of Burns's arbitration decision. I ordered the United State Olympic Committee to forward Lindland's name to the International Olympic

Committee as the designated competitor and to withdraw Sieracki's name. The Court of Appeals refused to stay the order and I assume it has been honored.

The general rule is that arbitration awards need not be consistent. There is some hesitancy to confirm an award inconsistent with one that is already confirmed or even one that is prior in time but not confirmed. See e.g., *Atlantic Richfield Co. v. Atlantic Independent Union*, 537 F. Supp. 371 (E.D. Pa. 1982) (Fullam, J.); *Jacobson v. Fireman's Fund*, 111 F.3d 261 (2nd Cir. 1997). But most of these cases rely on state law.

In a sense, Lindland won a race to the courthouse and it is a race he could hardly have lost unless he was careless. He lost the first match, so only he could go to arbitration. After he won the arbitration, Sieracki could file for arbitration but he would not get a decision until after the rematch; if Sieracki won, then the whole dispute would disappear. As soon as Lindland won he could seek confirmation (which he tried to do before another district judge whose denial of confirmation was reversed by the Court of Appeals). Meanwhile, Sieracki had to go through hearings before he could get an award. But there are many situations in which the winner of the race to the courthouse is the big winner and the law has not entirely turned its face against this practice, except in certain types of cases like shareholder class actions.

So we are down to whether the Campbell award can be confirmed even though it is inconsistent with the Burns's award. In *Consolidation Coal Company, supra*., an employer changed its staffing practices to cut down on overtime. In six arbitrations the aggrieved employee lost, which means that the arbitrator had to have decided that the change in practices was permissible. In a seventh arbitration, coming midway between the other six, the union attacked the policy itself without making compensation claims for any particular employee. The union won that one because the arbitrator said that the change in

3

practices was impermissible (and because the employer failed to tell the arbitrator that it had won the other arbitrations). The compensation denials were confirmed after the policy ruling was confirmed. The Court of Appeals refused to vacate the compensation denial confirmations because it appeared that the practice of the arbitrators on the compensation cases was to acknowledge the decision on the policy arbitration and then disregard it because that arbitrator had not taken into account the *res judicata* effect of earlier awards for the employer. The arbitrators decided to not to hold the employer to its waiver of a *res judicata* argument in the policy arbitration. Many arbitrators do follow the precedent of the first arbitration (either by custom or contract) and the arbitrators in *Consolidation Coal* did so religiously. Accordingly Judge Posner wrote, at 213 F.3d at 408:

> And, precisely because of their commitment [to arbitral res judicata], we needn't worry overmuch that the district court will be asked to confirm inconsistent awards from now until every single worker...has gone through arbitrations. Given the rule of *res judicata* applied by the arbitrators under this collective bargaining agreement, it is reasonably certain that all subsequent arbitrations will be decided in favor of the company and will be confirmed by the district court if the union refuses to bow to them.

In this case, the inconsistency is far graver in practice (though perhaps not in theory) than the one which confronted the Court in *Consolidation Coal*. The panel in that case would have had the same problem I face here if a single employee had proceeded to two arbitrations and been awarded compensation in one and denied compensation in the other. However narrow the *res judicata* effect of a judicial confirmation of an award may be, it surely covers the case in which the confirmed award says that Lindland's name must be nominated and Sieracki's name must be withdrawn and the unconfirmed award says that Sieracki must be the nominee and Lindland's name must be pulled back. Mr. Bumble may have

4

had grounds to say "the law is a ass, a idiot,"[1] but the law is not, I think, idiot enough to confirm both the awards in this case.

The petition to confirm the award of Arbitrator Campbell is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: 30 August

---

[1] Charles Dickens, Oliver Twist, ch. 51 (1838).

5

# United States District Court
## Northern District of Illinois
Eastern Division

KEITH SIERACKI

v.

U.S. WRESTLING ASSOCIATION, ET AL

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 5348

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ☒ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's petition to confirm the August 24, 2000 award of Arbitrator Campbell is denied.

**DOCKETED**
AUG 3 1 2000

Michael W. Dobbins, Clerk of Court

Date: 8/31/2000

*Donald R. Walker*

Donald Walker, Deputy Clerk